UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MICHAEL WEITZEL, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>H&R INDUSTRIAL, LLC, )<br>)<br>Defendant. ) | CAUSE NO: 1:17-cv-2526 |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Michael Weitzel ("Weitzel"), by counsel, against H&R Industrial, LLC ("Defendant"), for violating the American with Disabilities Act ("ADA"), as amended, 42 U.S.C. § 12101 *et. seq.*

**II. PARTIES**

2. Weitzel, at all times relevant to this litigation, resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343.

5.      Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

6.      At all times relevant to this action, Weitzel was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7.      Weitzel has a "disability" as that term is defined by 42 U.S.C. § 12102(2).

8.      Weitzel is a "qualified individual with a disability" as defined by 42 U.S.C. §12111(8).

9.      Weitzel exhausted his administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission and files this complaint within ninety (90) days of receipt of her Notice of Right to Sue.

10.     A substantial part of the events, transactions, and occurrences concerning this case arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

11.     Weitzel began working for Defendant as a Welder/Fabricator on or about March 11, 2016.  Weitzel reported to Jason Young, Supervisor, and Steve Hern, Owner.

12.     At all relevant times, Weitzel met or exceeded Defendant's legitimate performance expectations.

13.     Near the end of April, Weitzel became extremely ill; his physician sent him to a Specialist for additional testing.  Weitzel's health condition substantially limits

his ability to perform several major life activities, including his ability to eliminate waste.

14. Weitzel's health continued to deteriorate. When Weitzel would miss work due to his disability, Ted, a supervisor, would become angry, one time telling Weitzel that, "we need to something about this – we need you here."

15. On or about July 19, 2016, Hern beckoned Weitzel, while he was rushing to the bathroom. Hern told Weitzel, "you're not sick" and proceeded to degrade him in front of the other employees.

16. On or about June 20, 2016, Hern told Young that Weitzel was costing Defendant too much in medical insurance and they needed "to do something about him." On the same day, Hern sent Weitzel home for two weeks because he was too jittery. Weitzel explained to Hern that the jitters were the result of the new medication to which he was getting acclimated. Nevertheless, Hern required Weitzel to take a two-week medical leave.

17. Weitzel returned to work on or about July 7, 2016.

18. On July 22, 2016, Young told Weitzel that it was best if they part ways.

## V. LEGAL ALLEGATIONS

19. Paragraphs one (1) through eighteen (18) of Weitzel's Complaint are hereby incorporated.

20. Defendant violated Weitzel's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* by subjecting her to disparate treatment because of her actual or perceived disability.

21. Defendant's actions were intentional, willful and in reckless disregard of Weitzel's rights as protected by the ADA.

22. Weitzel has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Michael Weitzel, by counsel, respectfully requests that this Court find for Plaintiff and:

1. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful employment actions, or award her front pay in lieu thereof;

2. Pay Plaintiff's lost wages and benefits;

3. Pay to Plaintiff compensatory damages, including, lost future earning capacity under the ADA;

4. Pay to Plaintiff punitive damages for Defendant's violations of the ADA;

6. Pay to Plaintiff pre- and post-judgment interest;

7. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

8. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 23551-49
BIESECKER DUTKANYCH & MACER, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Telephone: (317) 575-4103
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Michael Weitzel*

## DEMAND FOR JURY TRIAL

The Plaintiff, Michael Weitzel, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s Andrew Dutkanych
Andrew Dutkanych, Attorney No. 34201-49
BIESECKER DUTKANYCH & MACER, LLC
8888 Keystone Crossing, Suite 1300
Indianapolis, Indiana 46240
Telephone: (317) 575-4103
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Michael Weitzel*